UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN HECTOR RODRIGUEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-12069-IT |
| | * | |
| SSA, Salem, MA, | * | |
| | * | |
| Defendant. | * | |

ORDER

April 27, 2023

TALWANI, D.J.

    *Pro se* litigant Juan Hector Rodriguez has filed a Motion for Appointment of Counsel

[#1] and a Motion for Leave to Proceed *in Forma Pauperis* [#2]. In a letter accompanying his

motion for counsel, Rodriguez states:

> I am currently incarcerated at the Essex County Correctional Facility. I have
> written numerous letters regarding my monthly benefits and the fact that Social
> Security Administration Act states that if I am participating in a Rehabilitation
> and Vocational programming ordered by the court and approved by SSA I would
> be considered to have my monthly benefits continued while I'm incarcerated.[1]
> SSA have not returned any reply and reconsideration from my repeated written
> affidavits. So I respectfully ask the Court to please assign me councel [sic] to help
> me with SSA benefits.

[#1-1].

---

[1] The court notes that federal regulations do permit disabled prisoners to receive Social Security
disability benefits if the prisoner "is actively and satisfactorily participating in a rehabilitation
program which has been specifically approved for the individual by court of law" and the
Commissioner of Social Security ("Commissioner") "determine[s] that the program is expected
to result in the individual being able to do substantial gainful activity upon release and within a
reasonable time." 20 C.M.R. § 404.468(d). The court takes no position whether this regulation
applies to Rodriguez's situation.

Although the court has discretionary authority to ask an attorney to represent an indigent person on a pro bono basis, <u>see</u> 28 U.S.C. §1915(e)(1), the court declines to do so here. First, no complaint has yet been filed. <u>See</u> Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Second, nothing in the letter suggests that the matter is ripe for judicial review. Judicial review of the denial of Social Security Disability benefits is not available until the Commissioner has issued a "final decision" concerning the matter. <u>See</u> 42 U.S.C. § 405(g), (h).[2]

Accordingly, the <u>Motion for Appointment of Counsel</u> [#1] is DENIED without prejudice and this matter is closed.  In light of the case closure, the <u>Motion for Leave to Proceed <i>in Forma Pauperis</i></u> [#2] shall be terminated as moot.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

April 27, 2023

---

[2] A benefits determination of the Social Security Administration is not considered to be "final" until a party seeking benefits has exhausted all remedies within the agency, which consist of (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. <u>See</u> 20 C.F.R. § 404.900(a)(1)-(4). When a litigant has completed these four steps of the administrative review process and is dissatisfied with the result thereof, he may file a lawsuit in a federal district court for judicial review of the Commissioner's final decision. <u>See</u> 20 C.F.R. § 404.900(a)(5).